UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION


CATHRYN WALKER,

          Plaintiff,

          v.

PROVIDENCE HEALTH AND SERVICES
OREGON, dba PROVIDENCE PORTLAND
HEALTH SERVICES; and CENTRAL
CITY CONCERN, dba OLD TOWN
CLINIC, and Oregon public benefit
corporation,

          Defendants.

Case No. 3:14-cv-01763-ST

FINDINGS AND
RECOMMENDATION


STEWART, Magistrate Judge:

      Plaintiff, Cathryn Walker ("Walker"), appearing *pro se*, filed this case in the Circuit

Court for the State of Oregon for the County of Multnomah on July 23, 2014, against Providence

Health and Services Oregon dba Providence Portland Health Services ("Providence") and

Central City Concern, dba Old Town Clinic ("CCC") alleging a claim for medical negligence.

On November 6, 2014, CCC removed the action to this court pursuant to 28 USC § 1442 based

on its status as a federally deemed community health center under the Federally Supported

Health Centers Assistance Act, 42 USC § 233.  Notice of Removal, ¶¶ 2-3.  The following day,

this court provided Walker with a Notice to Self-Represented Litigants (docket #4).


1 – FINDINGS AND RECOMMENDATIONS

After defendants filed motions to dismiss and for summary judgment, this court provided Walker with both a Summary Judgment Advice Notice (docket #18) and a Motion to Dismiss Advice Notice (docket #19), advising her of the requirements for responding to defendants' motions and the standards governing such motions. Despite these notices, Walker has submitted nothing in response.

## FINDINGS

With respect to CCC's Motion to Dismiss (docket #6), the record reveals that Walker failed to first present her claim to United States Department of Health and Human Services as required by 28 USC § 2675(a). Therefore, Walker's claim under the Federal Tort Claims Act against CCC should be dismissed for failing to exhaust her administrative remedies prior to filing suit.

Although CCC requests dismissal with prejudice, the better course is to dismiss without prejudice. Plaintiff is self-represented, and it is unclear why she failed to respond to the pending motions. Moreover, as noted in CCC's motion, if she timely filed this case, then dismissal leaves open an opportunity for her to pursue her claim if she presents it to the United States Department of Health and Human Services within 60 days of this dismissal. 28 USC § 2679(d)(5).

In support of its Motion for Summary Judgment (docket #12), Providence first asserts that Walker's claim is barred by Oregon's two-year statute of limitations, ORS 12.110(4). That time period commences "when the injury is first discovered or in the exercise of reasonable care should have been discovered." *Id*. Providence characterizes the Complaint as alleging that, after Walker's hip replacement in 2009, defendants failed to treat her chronic osteomyelitis (bone infection) and kyphosis (an abnormal curvature of the back) through 2012. Relying on the

allegation that in "[m]ost of early to mid-2012 the issue with the deformity of the back and infection in the back was known, but left untreated," Complaint, ¶ 9, Providence argues that Walker knew that she was not receiving proper treated for her osteomyelitis and kyphosis from 2009 to "early to mid-2012." Yet she did not file this action until more than two years later on July 21, 2014. However, Walker does not specifically allege when she "first discovered or in the exercise of reasonable care should have discovered" the alleged negligence. By alleging in the passive voice that "the deformity of the back and infection the back was known, but left untreated," the Complaint may reasonably be interpreted as alleging that defendants knew, not that Walker knew. Moreover, Providence overlooks the allegation that "[b]y September 12, 2012, [Walker] was readmitted with kyphosis that required surgery." That surgery is within the two-year statute of limitations. Therefore, the allegations in the Complaint do not provide a solid basis for this court to conclude that Walker's claim is barred by the statute of limitation.

Providence also seeks summary judgment on the basis that Walker lacks sufficient evidence from a qualified medical expert to prove a violation of the standard of care, as well as causation, as required under Oregon law. However, Providence did not submit any expert evidence to support its position. Instead, it merely challenged Walker to do so. Had Providence submitted such evidence, then FRCP 56(a) would require Walker to provide testimony from a qualified medical expert in order to create a material issue of disputed fact to avoid summary judgment. Alternatively, had Providence submitted such evidence and Walker failed to respond, then FRCP 56(e)(2) and (3) authorize the court to consider Providence's facts as undisputed and to grant summary judgment if supported by the motion and those undisputed facts. But absent any facts to support its motion, Providence cannot compel Walker to produce evidence on pain of having her claim dismissed.

3 – FINDINGS AND RECOMMENDATIONS

## RECOMMENDATIONS

For the reasons stated above, CCC's Motion to Dismiss (docket #6) should be GRANTED and the claim against CCC should be dismissed without prejudice.  In addition, Providence's Motion for Summary Judgment (docket #12) should be DENIED.

## SCHEDULING ORDER

The Findings and Recommendations will be referred to a district judge.  Objections, if any, are due Monday, March 23, 2015.  If no objections are filed, then the Findings and Recommendations will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED  March 5, 2015.

s/ Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge